UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUMEERA RASUL,

                              Plaintiff,

                -against-

R/GA MEDIA GROUP, INC., and THE INTERPUBLIC
GROUP OF COMPANIES, INC., and ERIN LYNCH,
each in their individual and professional capacities,

                             Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 21-2999**

Jury Trial Demanded

Sumeera Rasul ("Plaintiff"), by and through her attorneys, Hepworth, Gershbaum & Roth, PLLC., as and for her Complaint against R/GA Media Group, Inc. ("R/GA"), The Interpublic Group of Companies, Inc. ("IPG"), and Erin Lynch ("Lynch") each in their individual and professional capacities, (all, collectively, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.       This is a civil action based upon violations committed by the Defendants of Plaintiff's rights guaranteed by: (i) the anti-race and national origin discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) the anti-retaliation provisions of Title VII; (iii) the anti-race discrimination provisions of the Civil Rights Act, 42 U.S.C. § 1981 ("Section 1981"); (iv) the anti-retaliation provisions of Section 1981; (v) the anti-race and national origin discrimination provisions of the New York State Human Rights Law, Executive Law Sections 290, *et seq*. ("NYSHRL"); (xi) the anti-retaliation provisions of the NYSHRL; (xiii) the anti-aiding and abetting provisions of the NYSHRL; (v) the anti-race and national origin discrimination provisions of Title 8 of the Administrative Code of the City of New

York, also known as the New York City Human Rights Law, Sections 8–101, *et seq*., as amended ("NYCHRL"); (xi) the anti-retaliation provisions of the NYCHRL; (xiii) the anti-aiding and abetting provisions of the NYCHRL; and, (xii) any other claims that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants as an Executive Director from in or about May 2018, until Plaintiff's termination on or about November 22, 2019, when Plaintiff was fired in retaliation for making good faith claims of race and national origin discrimination.  Throughout Plaintiff's employment, as described below Defendants, through the actions of Defendant Lynch, allowed the existence of, and subjected Plaintiff, an South Asian female (race), of Pakistani descent (national origin), to egregious race discrimination in the form of a severe and/or pervasive hostile working environment.  Defendants treated Plaintiff less well in comparison to non-South Asian, Pakistani employees, resulting in inferior terms, conditions, and/or privileges of employment. Despite Plaintiff's timely notification of the discrimination, Defendants failed to take appropriate remedial action.  Then, after Plaintiff made complaints in good faith about the discrimination to which the Defendants had subjected her, the Defendants retaliated by terminating Plaintiff's employment.  All of the conduct described in this paragraph is in flagrant violation of Title VII, Section 1981, the NYSHRL and NYCHRL.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. §§2000e, *et seq.,* and 42 U.S.C. § 1981, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

4.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. §

1391(b)(ii), as a substantial part of the events giving rise to the claims alleged in this action occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff filed a "Charge of Discrimination" against Defendants alleging, *inter alia,* race discrimination and retaliation in violation of Title VII with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No: 520-2020-05240, on or about September 9, 2020.  The EEOC issued Plaintiff a "Notice of Right to Sue Letter," dated January 8, 2021.  Plaintiff has timely filed the instant matter within ninety days of receiving that notice from the EEOC.

## PARTIES

6.      At all relevant times herein, Plaintiff is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the Title VII, Section 1981, the NYSHRL and NYCHRL.  At all relevant times herein, Plaintiff worked for Defendant Company in New York, New York.

7.      At all relevant times herein, R/GA Media Group, Inc. is a corporation with its principal executive office located at 450 West 33rd Street, 12th Floor, New York, New York 10001.

8.      At all relevant times herein, R/GA Media Group, Inc. is a foreign business corporation authorized to do business in the state of New York.

9.

10.     R/GA's parent company is The Interpublic Group of Companies, Inc.

11.     At all relevant times herein, IPG is a corporation with its principal executive office located at 909 Third Avenue, 23rd Floor, New York, New York, 10022.

12.     At all relevant times herein, The Interpublic Group of Companies, Inc. is a foreign business corporation authorized to do business in the state of New York.

13.     R/GA and IPG both employ in excess of fifteen employees and are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended, the New York State Human Rights Law and the New York City Human Rights Law.

14.     At all relevant times herein, Defendant Lynch was the VP, Group Executive Director at R/GA and was the second level supervisor of Plaintiff, as well as a citizen of New York who resides in New York.

## BACKGROUND FACTS

15.     Defendants also failed to provide Plaintiff with the same terms and conditions of employment as her co-workers including, a work environment free from race and national origin-based discrimination and harassment.

16.     While employed with Defendants, Ms. Rasul performed an array of duties centered upon the oversight of the operations of one of R/GA's business groups.

17.     The discrimination overtly began in or about May 2018, when Ms. Rasul began her employment with Defendants.

18.     Ms. Rasul worked for Respondents until November 22, 2019, when she was fired in retaliation for making good faith claims of race and national origin discrimination.

19.     While Ms. Rasul directly reported to April Quinn, Group MD and Susannah Williams, NYC Head of Production, Erin Lynch the VP, Group Executive Director, at R/GA was Ms. Rasul's superior and she had the authority to alter Ms. Rasul's work assignments, client interactions, give feedback and make recommendations to Ms. Rasul's direct supervisors that would impact her promotions, demotions, raises and continued employment with Respondents.

4

20.     Since Ms. Rasul joined R/GA as an Executive Director in May 2018, Lynch systematically discriminated against and harassed Ms. Rasul.  Lynch, would visit Ms. Rasul's workspace to say negative things, like her presence/proximity was ruining her "zen."

21.     Lynch would yell at Ms. Rasul, often in front of others and interrupted Ms. Rasul during meetings.  Lynch encouraged Ms. Rasul to change her physical workspace within R/GA's 450 West 33rd Street location to be further from Lynch.  Ms. Lynch also excluded Ms. Rasul from meetings and important work.

22.     In February 2019, an investigation was conducted by Ian Maron, Head of NYC HR into Ms. Rasul.  Ms. Rasul is uncertain of the reason for the investigation, but it appears to have been related to routine feedback that she provided to a non-performing member of her team.  This is not how employees, of non-south Asian or Pakistani descent, are treated at R/GA.  The investigation of course also alerted her immediate reports and supervisors that she was being investigated by HR, tainting nearly all interactions with her supervisors and direct reports.

23.     In April 2019, Ms. Rasul received positive 360 performance feedback from over 29 people and a glowing performance review.

24.     Shortly thereafter, Ms. Rasul filed a complaint with R/GA's HR department and later with IPG citing concerns that Mr. Maron's investigation was biased, and a departure from Respondents' HR policy.  When Ms. Rasul raised this fact, no action was taken in connection with her complaints.

25.     On or about April 24, 2019, Ms. Rasul complained to Susannah Williams and April Quinn that Lynch was discriminating against her based upon her race and national origin, in response Ms. Williams, encouraged her to go to lunch with Ms. Lynch and ascribed Ms. Lynch's behavior to her concerns about the creative team.  Ms. Lynch's discriminatory behavior continued.

Ms. Rasul also complained that Lynch continued to leave Plaintiff out of important meetings and work, and yet no action was taken in connection with the concerns Plaintiff raised.

26.     In May 2019 Lynch again yelled at Ms. Rasul, this time in front of several junior team members.  Ms. Rasul immediately escalated this issue to April Quinn and again no action was taken.  Then in June 2019, Ms. Raul sent an email to Richard Ting, Global Chief Experience Officer, and Ms. Lynch's immediate supervisor, complaining that her behavior toward Ms. Rasul was discriminatory, disrespectful and unprofessional.  Again, no action was taken.

27.     In late September 2019 and continuing through early October 2019, Ms. Rasul again raised concerns about Lynch's continued disparate treatment.  Specifically, Ms. Rasul again complained to April Quinn.  In response, Ms. Quinn informed Ms. Rasul that she did not believe that it had anything to do with actions taken by Ms. Rasul, rather it related to the fact that Lynch did not trust her.  Ms. Rasul also ask if Lynch was treating Plaintiff differently because of how Plaintiff looked or her accent; Ms. Quinn did not respond.  In this conversation, Ms. Rasul, asked if Plaintiff could do anything to change or improve the working relationship with Lynch and Plaintiff was told no.  At this time, Ms. Rasul also asked that Ms. Williams and Ms. Quinn take some kind of action in connection with the way in which Plaintiff was being treated by Lynch. Ms. Rasul also informed them that Lynch's behavior was making it difficult for Ms. Rasul to work. Ms. Rasul separately made the same request of Ashleigh Elbaz, HR.  None of these individuals took any action in connection with Plaintiff's complaint and Lynch continued to act hostilely, making degrading comments and leaving Ms. Rasul out of important work.

28.     Even though Ms. Rasul had changed her work station to a row away from Lynch's work station, in October of 2019 she then began to work out of conference rooms, and common

areas to maintain even further distance, rather than continue to endure constant comments concerning Ms. Lynch's dislike of her.

29.     In October of 2019, Ms. Rasul informed Ms. Quinn that Ms. Lynch's behavior was becoming worse and that the continued comments and hostility were starting to impact Ms. Rasul's work performance and mental health.  Ms. Rasul was again informed that the problem, was Ms. Lynch's lack of trust and she was again informed that nothing could be done.

30.     No action was taken in connection with any of Ms. Rasul's complaints of discrimination and on November 22, 2019, Ms. Rasul met with Ms. Williams, Ms. Quinn and Ms. Elbaz who retaliatorily terminated her for "poor performance."  Although Ms. Rasul asked, no clear answer was provided on what performance issue was causing her termination, and she had received no performance corrections prior to that date.

31.     The discrimination experienced by Ms. Rasul caused her to suffer emotional distress, medical complications caused by stress and financial hardship stemming from her termination and eventual reemployment at a lower salary and position.

## FIRST CLAIM AGAINST DEFENDANT COMPANY
*Race and National Origin Discrimination and Harassment in Violation of Title VII*

32.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33.     Title VII prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race or national origin.

34.     At all relevant times herein, Plaintiff was and is a South Asian female (race), of Pakistani descent (national origin) and as such is a member of a protected class.

35.     As described in greater detail above Defendants subjected Plaintiff to race and national origin-based discrimination which was unwelcomed, severe or pervasive and gave rise to a hostile work environment.

36.     Defendants failed to exercise reasonable care to investigate or prevent discrimination and harassment in the workplace on the basis of race or national origin and did not exercise reasonable care to promptly correct the harassment.

37.     Defendant Company discriminated against Plaintiff in violation of the Title VII by allowing the existence of a hostile working environment based upon Plaintiff's race and national origin and terminating Plaintiff on the basis of her race and national origin.

38.     As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

39.     Defendants' unlawful and discriminatory action constitutes malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM AGAINST DEFENDANT COMPANY
*Retaliation for Reporting Race and National Origin Discrimination in Violation of Title VII*

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41.     Title VII prohibits retaliation by any person against any individual who in good faith complains about discriminatory practices to which he/she has been subjected.

42.     Plaintiff is an "employee" within the meaning of Title VII and all Defendants are a "person" under Title VII.

43.     Plaintiff engaged in activity protected by Title VII by lodging good faith complaints of race and national discrimination with Defendant Company.

44.     The adverse action constituted retaliation against Plaintiff for engaging in protected activity.

45.     Defendants' decision to terminate Plaintiff, following her good faith complaints, was sufficient to deter a reasonable person from engaging in protected activity.

46.     As described above, the Defendants retaliated against Plaintiff by terminating her employment in violation of Title VII, after she repeatedly reasonably and in good faith opposed the Defendants' discriminatory practices.

47.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

48.     Defendants' unlawful and discriminatory action constitutes malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CLAIM AGAINST DEFENDANTS
*Race Discrimination in Violation of 42 U.S.C. § 1981*

49.      Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

50.      Defendants discriminated against Plaintiff on the basis of her race (South Asian) in violation of Section 1981 by denying her the same terms and conditions of employment available to other employees, including but not limited disparate treatment based upon her race and denying her the opportunity to work in an employment setting free of unlawful discrimination.

51.     Defendants discriminated against Plaintiff on the basis of her race in violation of Section 1981 by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent a hostile work environment that included, among other things, severe or pervasive racial discrimination against Plaintiff by Defendant Lynch.

52.     As a direct and proximate result of Defendants' discriminatory and unlawful conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering for which she is entitled to an award of damages.

53.     As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, *inter alia*, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

54.     Defendants' unlawful and discriminatory action constitutes malicious, willful, and wanton violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CLAIM AGAINST DEFENDANTS
### *Retaliation Under 42 U.S.C. § 1981*

55.     Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

56.     Defendants retaliated against Plaintiff after she made good faith complaints of unlawful discrimination on the basis of race when they terminated Plaintiff in response to her complaints.

57.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in

violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefit, for which she is entitled to an award of damages.

58.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

59.    Defendants' unlawful retaliation constitutes a malicious, willful, and wanton violation of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## FIFTH CLAIM AGAINST DEFENDANTS
### *Race Discrimination and Harassment in Violation of the NYSHRL*

60.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.    The NYSHRL forbids any employer or agent thereof from discriminating against an employee on account of that employee's race.

62.    Defendant Company is an "employer" and Defendant Lynch is an "agent" thereof, moreover all Defendants are "persons," and Plaintiff is an "employee" within the meaning of the NYSHRL.

63.    Plaintiff is a member of a protected class.

64.    Plaintiff was qualified for her position and performing satisfactorily.

65.    As described more thoroughly above, Defendants discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to unwelcomed race discrimination which

resulted in inferior terms, conditions or privileges of employment because of Plaintiff's membership in a protected class giving rise to a hostile work environment and termination.

66.     As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or non-economic damages, including, but not limited to, loss of future income, compensation and benefits, mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

67.     Defendants' unlawful retaliation constitutes a malicious, willful, and wanton violation of the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

### SIXTH CLAIM AGAINST DEFENDANTS
*Retaliation for Reporting Race, National Origin Discrimination in Violation of the NYSHRL*

68.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     The NYSHRL prohibits retaliation by any person against any individual who in good faith complains about discriminatory practices to which he/she has been subjected.

70.     Plaintiff is an "employee" within the meaning of the NYSHRL and all Defendants are "persons" under the NYSHRL.

71.     Plaintiff is a member of a protected class.

72.     Plaintiff was qualified for her position and performing satisfactorily.

73.     The adverse action constituted retaliation against Plaintiff for engaging in protected activity.

74.     Defendants' decision to terminate Plaintiff, following Plaintiff's good faith complaints, was sufficient to deter a reasonable person from engaging in protected activity.

75.     As described above, the Defendants retaliated against Plaintiff in violation of the NYSHRL for Plaintiff having reasonably and in good faith opposed the Defendants' discriminatory practices by terminating Plaintiff's employment.

76.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

77.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

78.     Defendants' unlawful retaliation constitutes a malicious, willful, and wanton violation of the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

### SEVENTH CLAIM AGAINST DEFENDANT LYNCH
#### *Aiding and Abetting Violations of the NYSHRL*

79.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     The NYSHRL prohibits any person from aiding, abetting, attempting, inciting, or compelling any of the acts which it forbids.

81.     Defendant Lynch aided and abetted the above-described discriminatory practices proscribed by the NYSHRL which, as described more thoroughly above, subjected Plaintiff to unwelcomed race discrimination that resulted in inferior terms, conditions or privileges of

employment because of Plaintiff's membership in a protected class giving rise to a hostile work environment and termination.

82.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

83.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

84.     Defendant Lynch's unlawful retaliation constitutes a malicious, willful, and wanton violation of the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Race, National Origin Discrimination and Harassment in Violation of the NYCHRL*

85.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.     The NYCHRL forbids any employer or agent thereof from discriminating against an employee on account of that employee's race or national origin.

87.     Company Defendants are an "employer," Defendant Lynch is an "agent" thereof, all Defendants are "persons," and Plaintiff is an "employee" within the meaning of the NYCHRL.

88.     Defendants, as described above, discriminated against Plaintiff in violation of the NYCHRL on the basis of her race and national origin by terminating Plaintiff, subjecting Plaintiff

to race and national origin-based harassment in the form of a hostile work environment and discrimination.

89.     As described more thoroughly above, Defendants discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to race and national origin discrimination which gave rise to a hostile work environment.

90.     Plaintiff is a member of a protected class.

91.     Defendants treated Plaintiff less well than employees that were not a member of a protected class.

92.     Plaintiff was qualified for the position and performing satisfactorily.

93.     As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of future income, compensation and benefits, mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

94.      Defendants' unlawful retaliation constitutes a malicious, willful, and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation for Reporting Race, National Origin Discrimination in Violation of the NYCHRL*

95.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

96.     The NYCHRL prevents any person from retaliating against an employee who engages in protected activity under the statute.

97.     Company Defendants are an "employer," Defendant Lynch is an "agent" thereof, all Defendants are "persons," and Plaintiff is an "employee" within the meaning of the NYCHRL.

98.     As described above, Defendants retaliated against Plaintiff in violation of the NYCHRL by failing to adequately investigate and terminating Plaintiff's employment when she engaged in the protected activity of reporting Defendant Lynch's discrimination and harassment.

99.     As described more thoroughly above, Defendants discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to race discrimination which gave rise to a hostile work environment and termination.

100.    Plaintiff is a member of a protected class.

101.    Defendants treated Plaintiff less well than employees that were not a member of a protected class.

102.    Plaintiff was qualified for her position and performing satisfactorily.

103.    The adverse action constituted retaliation against Plaintiff for engaging in protected activity.

104.    Defendants' decision to terminate Plaintiff following her good faith complaints was sufficient to deter a reasonable person from engaging in protected activity.

105.    As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of future income, compensation and benefits, mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

106.     Defendants' unlawful retaliation constitutes a malicious, willful, and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## TENTH FOR RELIEF CLAIM AGAINST DEFENDANT LYNCH
### *Aiding and Abetting Violations of the NYCHRL*

107.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108.     The NYCHRL prohibits any person from aiding, abetting, inciting, or compelling any of the acts which it forbids, or attempting to do so.

109.     Defendant Lynch is a covered "person" under the NYCHRL and Plaintiff is an "employee" within the meaning of the NYCHRL.

110.     As described above, Defendant Lynch aided and abetted the unlawful discriminatory practices taken against Plaintiff by the Company Defendants by treating Plaintiff less well than employees that were not a member of a protected class.

111.     As a direct and proximate result of Defendant Lynch's aiding and abetting unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of future income, compensation and benefits, mental anguish and emotional distress, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

112.     Defendant Lynch's unlawful retaliation constitutes a malicious, willful, and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment against the Defendants as follows:

a.   Preliminary and permanent injunctions against the Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

b.  A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

c.  An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

d.  Damages that Plaintiff has sustained as a result of the Defendants' conduct, including all back pay, front pay, general and special damages for lost compensation and employee benefits that she would have received but for the Defendants' conduct, for out-of-pocket losses that Plaintiff has incurred due to the Defendants' conduct;

e.  An award for all non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

f.  An award of damages in an amount to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

g.  Punitive damages to the extent authorized by law in an amount commensurate with Defendants' ability and so as to deter future unlawful conduct;

h.  Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

i.  Pre-judgment and post-judgment interest, as provided by law; and,

j.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        April 7, 2021

                              Respectfully submitted,


                      By:     *s/ Rebecca Predovan*
                              Rebecca Predovan
                              Marc S. Hepworth
                              David A. Roth
                              Charles Gershbaum
                              **HEPWORTH GERSHBAUM & ROTH PLLC**
                              192 Lexington Avenue, Suite 802
                              New York, New York 10016
                              Telephone: (212) 545-1199
                              Facsimile: (212) 532-3801
                              Email: rpredovan@hgrlawyers.com
                              **Attorneys for Plaintiff**